IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| JAMES BROOKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CSX TRANSPORTATION, INC., ) <br> ) <br> Defendant. ) | C/A No. 3:22-cv-1541-SAL <br><br> **COMPLAINT** <br> (**Jury Trial Demanded**) |

## COMPLAINT

**COMES NOW** the Plaintiff, James Brooks, by counsel, and moves this Honorable Court for judgment against the Defendant, CSX Transportation, Inc. (hereinafter "CSX"), and in support thereof, alleges as follows:

1. This cause of action arises under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq*., as amended.

2. Defendant, CSX Transportation, Inc., is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in Jacksonville, Florida, and at all times relevant hereto, Defendant was doing substantial business within the jurisdiction of this Court as a common carrier in interstate and intrastate commerce.

3. Plaintiff is an individual, *sui juris*, and a resident of Sumter, in Sumter County, South Carolina.

4. At all times relevant to this action, CSX regularly, purposefully and systematically conducted substantial business activities and affairs within the jurisdiction of this Court as a common carrier of interstate and intrastate commerce, and was engaged in interstate commerce

1

and transportation, with a registered agent in Columbia, South Carolina.

5.  Venue is proper in Columbia, South Carolina, pursuant to pursuant to 45 U.S.C. § 51 *et seq*. and Local Civ. Rule 3.01 (D.S.C.).

6.  The FELA is remedial legislation originally enacted by the United States Congress in 1908 and liberally amended in 1939 to compensate railroad workers for personal injuries suffered in the course of their employment.

7.  Railroad workers covered under the Act are not eligible for state workers' compensation and the FELA provides the sole remedy against their railroad employers for job-related injuries.

8.  Under the FELA, railroads such as CSX have a non-delegable duty to provide employees with a reasonably safe work place.

9.  At all times relevant hereto, CSX and/or its predecessors, was an intrastate and interstate common carrier by railroad engaged in interstate transportation and commerce.

10. Commencing in 2008 and continuing until the present time, the Plaintiff has been employed by CSX and/or its predecessors in interest.

11. At the time he suffered the injury described herein, Plaintiff was working in the furtherance of interstate commerce. Plaintiff's work also directly, closely and substantially affected the general interstate commerce carried on by CSX.

12. On November 21, 2019, while working as a maintenance of way trackman for CSX in Joanna, Laurens County, South Carolina, and in the course and scope of his employment for CSX, Plaintiff was manually collecting discarded spikes when he tripped over the rail as a result of unsafe walking conditions, striking his back and right elbow on the railroad ties, and the back of his head on the rail, resulting in serious injuries, including injury to the discs in his neck that

required a cervical discectomy with fusion, injury to the discs in his low back resulting in sciatica, and post-concussion syndrome.

14. Plaintiff received treatment for his injuries primarily in Sumter, South Carolina.

14. Plaintiff's injuries were caused in whole or in part by the negligence and carelessness of CSX who, acting through its agents and employees, was negligent in:

 a. Failing to provide Plaintiff with a reasonably safe workplace;

 b. Failing to warn Plaintiff of known or reasonably foreseeable dangers;

 c. Failing to properly inspect and maintain its work areas;

 d. Failing to adequately protect Plaintiff from dangerous conditions;

 e. Failing to develop proper procedures for performing Plaintiff's work;

 f. Failing to inspect work areas for and eliminate underfoot obstructions and tripping hazards;

 g. Failing to provide adequate equipment;

 i. Failing to introduce engineering or administrative controls necessary to control or eliminate employee exposure to dangerous conditions; and

 j. Was otherwise negligent through their officers, agents and employees in ways not specifically alleged.

15. CSX breached its non-delegable duty to provide Plaintiff with a reasonably safe place to work and thereby violated the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51-60, as amended.

16. CSX knew, or in the exercise of reasonable care should have known, that the walking conditions in the area where Plaintiff was working on the date of the subject incident was not reasonably safe for the Plaintiff to traverse.

17. To the extent the Defendant's negligence, carelessness, recklessness, and/or its other wrongful acts or omissions violated or contravened any federal or state statute, rule,

3

regulation or policy (including, without limitation, any statute, rule, regulation or policy in force for the safety and/or health of employees), as such rules, regulations or policies may have existed at any time during the Plaintiff's employment with the railroad, each such federal or state statute, rule, regulation or policy is incorporated herein by reference as necessary to fully set forth the railroad's wrongful acts or omissions toward the Plaintiff and as may be necessary to provide the Plaintiff certain additional rights or remedy pursuant to the FELA.

18.     Plaintiff timely filed this lawsuit within the three (3) year limitation period of 45 U.S.C. §56.

19.     As a result of the Defendant's negligence, statutory violations, and/or other wrongful acts or omissions, the Plaintiff sustained injury and damages, including, but not limited to: serious and painful injuries which are or may be permanent; Plaintiff has suffered physical pain, discomfort and mental anguish, and these will or may continue in the future; Plaintiff has incurred expenses for doctors and related medical care and in the future will or may continue to incur such expenses in an effort to be cured or healed; Plaintiff has missed time and lost earnings from employment, and in the future will or may continue to lose time, income and earning capacity as well as other benefits from employment, and has been unable to perform all of the usual personal affairs of a person of Plaintiff's age and position in life and in the future, will or may continue to be unable to perform all of such affairs and has otherwise suffered injury or damages.

**WHEREFORE**, the Plaintiff, James Brooks, by counsel, respectfully demands judgment of and from the Defendant, CSX Transportation, Inc., in an amount to be determined by a jury, but in any event, an amount greater than Seventy Five Thousand Dollars ($75,000.00), together with prejudgment and post judgment interest, and the costs of this proceeding, as well as such other and further relief as this Court may deem appropriate.

## Jury Demand

Plaintiff James Brooks hereby demands trial by jury.

        **COLEMAN & TOLEN, LLC**
        /s/ Creighton B. Coleman
        Creighton B. Coleman (SC Bar No.: 6521)
        Attorney at Law
        Post Office Box 1006
        Winnsboro, South Carolina 29180
        Phone: (803) 635-6884
        Fax: (803) 635-9228
        creighton@colemantolen.com

        John H. Coston IV (will seek admission *pro hac vice*)
        The Moody Law Firm, Inc.
        500 Crawford Street, Suite 200
        Portsmouth, Virginia 23704
        Phone: (757) 393-4093
        Fax: (757) 397-7257
        jcoston@moodyrrlaw.com

        Counsel for Plaintiff